IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY MYLES, | § | |
| HC SPN 01315240 | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-04-4221 |
| | § | |
| CLASSIFICATION, | § | |
|     Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a pre-trial detainee at the Harris County, Texas Jail, filed a civil rights complaint against the Classification Department of the Harris County Jail pursuant to 42 U.S.C. § 1983. Harris County, as the real party in interest, filed an answer and a motion for summary judgment. (Docket Entry No.31). Plaintiff has not filed a response to the summary judgment motion. For the reasons to follow, the Court will grant defendant's motion for summary judgment and dismiss this case without prejudice.

Background

Plaintiff filed an unsigned civil rights complaint, alleging that "Classification" had segregated him from the rest of the inmate population. (Docket Entry No.1). The Magistrate Judge ordered plaintiff to amend his complaint. (Docket Entry No.3). Plaintiff submitted several motions to amend, which the Court granted. (Docket Entry No.8). In short, plaintiff complains of his continued confinement in administrative segregation, where he is denied access to a television, the telephone, and recreation. (Docket Entry No.5). He also complains that his confinement in a single cell violates a doctor's order because he suffers from seizures. (*Id*.). Plaintiff claims he was not

allowed to call his lawyer regarding a December 29th court date because he is in administrative segregation. (Docket Entry No.6). He also complains of a new disciplinary violation for threatening staff, for which he has been assigned to a single cell in administrative segregation for another thirty days. (Docket Entry No.7). In a supplemental pleading, filed February 17, 2005, plaintiff claims he was moved to the second floor where medical facilities are located because of his seizures. (Docket Entry No.9). Plaintiff claims that he complained to caseworker Teri Walker about the conditions of his confinement and his seizure disorder. Walker indicated that she would talk with her boss about plaintiff's condition. After he had two more seizures, Medical Administrator Bobby Davis told plaintiff that he knew it was unsafe for plaintiff to be in a single cell but the Classification Department would not move plaintiff to a different cell. Plaintiff claims that on February 8, 2005, Walker returned to his cell and told him that classification was violating his civil rights and that plaintiff should contact his lawyer. When plaintiff said he did not have the money to contact his lawyer, Walker offered to call for him. (*Id.*).

In response to the Court's Order for More Definite Statement (Docket Entry No.20), plaintiff indicates that he is presently confined on the second floor in J-Pod with no television. He is allowed to go to recreation three days a week but he must remain handcuffed and shackled. (*Id.*). He is still denied access to the day room. (*Id.*). Plaintiff admits that he has received several disciplinary violations while confined in the Harris County Jail but he cannot remember each date and the punishment that he received. (*Id.*). Plaintiff also indicates that he has filed one grievance with respect to claims pending before the Court but he never received a response to the grievance and has not filed any other grievances because the grievance system does not work. (*Id.*).

A liberal construction of plaintiff's pleadings reflects that plaintiff seeks relief on claims that his civil rights have been violated by his continued confinement in administrative segregation for disciplinary violations, by the conditions under which he is confined, and by housing decisions, which fail to consider his medical condition.

Harris County reports in its Motion for Summary Judgment that plaintiff was incarcerated in the Harris County Jail as a pre-trial detainee on a charge for burglary of a building from July 25, 2004 until March 25, 2005. (Docket Entry No.31). In March of 2005, plaintiff was released upon his conviction of the burglary charge. (*Id.*). In April of 2005, plaintiff was arrested and incarcerated in the jail on a new charge of burglary of a building. (*Id.*). Plaintiff is presently confined in the Harris County Jail. (*Id.*).

Defendant moves for summary judgment on the following grounds:

1. Plaintiff did not exhaust his administrative remedies with respect to the claims in his complaint before filing this suit;

2. Plaintiff's constitutional rights were not violated;

3. The relevant policies and procedures of Harris County with respect to classification of inmates are reasonably related to the legitimate government objective of maintaining security in the jail;

4. The policies that caused plaintiff's segregation from other inmates and the limitation of his access to services were in place to support the legitimate penological interests of security and safety of inmates and others in the jail; and

5. The record shows no evidence of subjective deliberate indifference to plaintiff's rights with respect to any episodic acts by Harris County employees.

(*Id.*).

Analysis

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Section 1997e of 42 United States Code, as amended by the Prison Litigation Reform Act, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *Booth v. Churner*, 532 U.S. 731 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The Harris County Jail currently provides three administrative remedies with respect to plaintiff's claims – an appeal of classification and housing changes, an appeal of disciplinary convictions and sanctions, and a procedure to grieve alleged civil rights violations.

According to an affidavit filed by Sergeant Tom Reid, who is in charge of the Classification Section of the Harris County Jail, the Inmate Handbook of the Harris County Jail states that an inmate may appeal a classification decision or a housing change with the Classification Section Commander.[1] (Docket Entry No.31, Part 2, pages 33-34). Reid attests that plaintiff received a copy of the Handbook but that he failed "to file an appeal of any classification determination or cell change at any time during his incarceration in the Jail from July 25, 2004 to the present." (Docket Entry No.31, Part 2, page 34).

David Davis, the Senior Hearing Officer in the Inmate Affairs Grievance and Disciplinary Section of the Harris County Jail, attests to two other means of exhausting administrative remedies at the Harris County Jail. Davis attests that the Inmate Handbook provides for an appeal from disciplinary sanctions[2] (*id.*, Part 4, page 33), and a grievance procedure to address any alleged civil rights violation.[3] (*Id.*, pages 33-34).

---

[1] The Harris County Jail Plan, attached to Reid's affidavit, provides the following with respect to classification appeals:

> If the person classified feels their classification is unjust or inappropriate, they may appeal the assessment to the Classification Supervisor. Inmates may also appeal classification reassessments, housing, work and program assignments. If the inmate is still unsatisfied, they [sic] may then appeal to the Classification Bureau Commander. If the inmates is [sic] still unsatisfied, they may then appeal to the Classification Bureau Captain.

(Docket Entry No.31, Part 3, page 5).

[2] A copy of the Harris County Jail's Inmate Discipline Plan indicates that an inmate may appeal a disciplinary conviction by filing a written appeal within three days of the disciplinary hearing with the Captain of Inmate Affairs via department mail or U.S. mail. (Docket Entry No.31, Part 6, page 15). The decision of the Captain is final and binding on all parties. (*Id.*).

[3] The Handbook explains the means by which an inmate can exhaust a condition-of-confinement or other civil rights claim. (Docket Entry No.31, Part 3, pages 22-23). According to the Handbook, an

Davis also attests to plaintiff's extensive disciplinary history from September, 2001 through September 28, 2005. (*Id.*, pages 31-32). Davis notes that plaintiff "never appealed any of the disciplinary rulings reflected in his Disciplinary and Grievance history . . . as allowed in Handbook section V.C.8 at page 20[58]." (*Id*, page 33). Davis further attests that he reviewed plaintiff's grievance history and found no record that plaintiff had "ever filed a grievance in accordance with the grievance policy outlined in the Handbook." (*Id.*, page 34).

Plaintiff did not respond to the motion for summary judgment and therefore, has not contravened defendant's summary judgment evidence. Because he failed to exhaust the administrative remedies available to him at the Harris County Jail before filing this suit, plaintiff's civil rights complaint is subject to dismissal. *See Alexander v. Tippah County, Miss.*, 351, F.3d 626, 630 (5th Cir. 2003). Accordingly, Harris County is entitled to summary judgment.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Defendant's motion for summary judgment (Docket Entry No.31) is GRANTED.

2. Plaintiff's civil rights complaint is DISMISSED, without prejudice, for failure to exhaust the administrative remedies available at the Harris County, Texas Jail.

---

inmate may file a written notice alleging a violation of the his civil rights or other adverse act by putting the complaint in the grievance box, mailbox or the U.S. mail. (*Id.* page 23). After an investigation, the Grievance Board will hold a hearing with the inmate. (*Id.*). If the inmate disagrees with the outcome, he may appeal the decision to the Captain of the Inmate Affairs Division. (*Id.*).

The Jail's Inmate Grievance Plan provides for a hearing by a two member Grievance Board. (*Id.*, Part 6, page 18). An inmate may appeal the decision of the Grievance Board to the Captain of Inmate Affairs within five days of the hearing. (*Id.*). The decision of the Captain is final and binding on all parties. (*Id.*).

3.      All pending motions (Docket Entries No.23, No.27, No.28, No.32) are DENIED, as moot.

The Clerk shall provide a copy of this Order to both parties.

Signed at Houston, Texas, on February 23, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE